

## NUMBER 13-13-00700-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**EDGAR CASTILLO LOPEZ,**                          **APPELLANT,**

**v.**

**THE STATE OF TEXAS,**                          **APPELLEE.**

---

### On Appeal from the County Court at Law No. 7
### of Hidalgo County, Texas.

---

## ORDER OF ABATEMENT

### Before Justices Rodriguez, Garza, and Perkes
### Order Per Curiam

Appellant, Edgar Castillo Lopez, filed a notice of appeal with this Court from his conviction in trial court cause number CR-13-11854-G. The trial court's certification of the defendant's right to appeal does not contain the defendant's signature. *See* TEX. R. APP. P. 25.2(d). On December 18, 2013, the Clerk of the Court requested that the trial

court provide an amended certification of defendant's right of appeal containing the defendant's signature. On January 13, 2014, this Court received a supplemental record but it did not contain a trial court certification. A trial court certification containing the defendant's signature has not been received by this Court.

The Texas Rules of Appellate Procedure require the trial court to enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. *See id.* 25.2(a)(2). The certification must include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a pro se petition for discretionary review. *See id.* 25.2(d). The certification must be signed by the defendant and a copy must be given to him. *See id.* 25.2(d).

The record in this cause contains the trial court's certification pursuant to Tex.R.App.P. 25.2(a)(2), but the certification is defective because it has not been signed by the defendant. Accordingly, we direct the trial court to remedy the defect in the certification by preparing and filing a "Trial Court's Certification of Defendant's Right of Appeal" which includes the defendant's signature. All of the provisions of 25.2(d) should be complied with including the requirement that the defendant be informed of his rights concerning an appeal, as well as any right to file a *pro se* petition for discretionary review.

The trial court's amended certification, and any orders it enters shall be included in a supplemental clerk's record. The trial court is directed to cause the supplemental clerk's record to be filed with the Clerk of this Court within thirty days of the date of this order. Should the trial court require more time to comply with the directions of this Court,

2

it shall request an extension prior to the expiration of this deadline.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
10th day of March, 2014.

3